IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SHAWN PICKENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 17-0398-CV-W-BP |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Pending is Defendant's Motion in Limine. (Doc. 60.) The parties dispute what evidence is admissible to prove the value of Plaintiff's past medical treatment. Defendant seeks to exclude evidence of the full amount of Plaintiff's medical bills at trial. Defendant argues that under Missouri Revised Statute § 490.715, Plaintiff is limited to presenting evidence of the amount actually paid plus any remaining dollar amount necessary to satisfy the financial obligation for medical treatment. Plaintiff argues that §490.715 does not limit Plaintiff to introducing evidence of amounts paid for medical treatment. The Court agrees with Plaintiff.

Section 490.715.5 currently provides:[1]

> 5. (1) Except as provided in subsection 2 of this section, parties may introduce evidence of the actual cost of the medical care or treatment rendered to a plaintiff or a patient whose care is at issue. Actual cost of the medical care or treatment shall be reasonable, necessary, and a proximate result of the negligence or fault of any party.
>
> (2) For purposes of this subsection, the phrase "actual cost of the medical care or treatment" shall be defined as a sum of money not to exceed the dollar amounts paid by or on behalf of a plaintiff or a patient whose care is at issue plus any remaining dollar amount necessary to satisfy the financial obligation for medical care or treatment by a health care provider after adjustment for any contractual discounts, price reduction, or write-off by any person or entity.

---

[1] The parties agree that the 2017 version of the statute applies in this case. Thus, the Court need not consider earlier versions of the statute.

Defendant's argument that § 490.715.5 limits the introduction of evidence regarding the value of medical treatment to the amount actually paid is based on Eastern and Western District of Missouri cases. *See Covey v. Wal-Mart Stores East, L.P.*, No. 16-1262, 2017 WL 6459811 at *4 (W.D. Mo. Dec. 18, 2017); *J.B. by and through Bullock v. Missouri Baptist Hosp. of Sullivan*, No. 16-01394, 2018 WL 746302 at *2 (E.D. Mo. Feb. 7, 2018); *Smith v. Toyota Motor Corp.*, No. 16-24, 2018 WL 1806698, at *6 (E.D. Mo. Apr. 17, 2018); and *Hensley v. Crete Carrier Corporation,* No. 16-3208, slip op. at 2-3 (W.D. Mo. Aug. 30, 2017). The Court does not find these cases helpful because either (1) the parties only contested which version of the statute applied and did not contest what evidence was admissible or (2) the court did explain the basis for its decision. Furthermore, the Court notes that these decisions are not binding on the Court.

Defendant further argues that by stating that a party "*may* introduce evidence of the actual cost of the medical care," the Missouri legislature intended to create a "permissive mandate" and limit both parties to introducing only evidence of amounts paid. There do not appear to be any Missouri Supreme Court or Missouri Court of Appeals cases on point; however, at least two Missouri Circuit Courts have considered the issue and concluded that the statute does not prohibit the admission of medical bills. *See Newsome v. Anesthesia Assoc. of Kansas City, P.C.,* No. 1616-CV13330 (16th Cir. Ct. Mo. January 30, 2018), *Bennett v. SSM Medical Group,* No. 1511-CC00044 (11th Cir. Ct. Mo. Oct. 3, 2017). As both Circuit Court opinions point out, the statute provides one method by which the value of medical treatment "may" be proven but nothing in the language mandates the method of proving such value. The statute contains no language limiting what evidence can be introduced nor any language prohibiting the admission of specific evidence. Further, the legislature could have precluded the admissibility of medical bills, but did not do so. *See Bennett v. SSM Medical Group,* No. 1511-CC00044 (11th Cir. Ct. Mo. Oct. 3, 2017). Thus,

Court agrees that the statute does not preclude the introduction of medical bills to prove the value of medical treatment.

Therefore, the Court turns to common law, which provides that recovery for medical expenses depends upon proof of the necessity and reasonableness of the medical expenses incurred. *Spica v. McDonald*, 334 S.W.2d 365, 371 (Mo. 1960) (en banc). Although Missouri courts held that medical bills do not by themselves prove either the necessity or reasonableness of medical expenses, parties are permitted to introduce them if there is evidence, such as testimony by a medical witness, that the medical bills reflect necessary treatment and reasonable changes. *See Spica,* 334 S.W.2d at 371, *Hudson v. Whiteside,* 966 S.W.2d 370, 371 (Mo. Ct. App. 1998), *Schaeffer v. Craden,* 800 S.W.2d 165, 165-66 (Mo. Ct. App. 1990). Thus, the Court concludes that Plaintiff is not automatically prohibited from presenting evidence of the amounts billed. However, Plaintiff must still present evidence that the bills reflect necessary treatment and reasonable charges. The Court also notes that Defendant is permitted to present evidence that the amounts billed were not reasonable. For instance, Defendant may present evidence of the amount Plaintiff paid. Defendant may also present testimony on the issue.

Defendant's Motion in Limine, (Doc. 60), is **DENIED.**

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
Date: July 2, 2018  UNITED STATES DISTRICT COURT